_____
                              )
JAMES D. LAMMERS KURTZ,       )
                              )
          Plaintiff,          )
                              )
          v.                  )    Civil Action No. 10-1270 (RWR)
                              )
UNITED STATES OF AMERICA      )
et al.,                       )
                              )
          Defendants.         )
_____)


## MEMORANDUM ORDER

Pro se plaintiff James D. Lammers Kurtz filed a complaint alleging that defendant Janet Lammers is unlawfully in possession of farm property in Wisconsin owned by the plaintiff, and that Lammers is appropriating rent money and income from the farm that rightfully belong to the plaintiff.  The plaintiff has moved for a temporary restraining order to enjoin defendant Janet Lammers from using the property at issue.

To obtain preliminary injunctive relief, a plaintiff must show that "[1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).  The court must balance the four factors, evaluating them on a "sliding scale." Davis v. Pension Benefit Guar. Corp., 571

F.3d 1288, 1291-92 (D.C. Cir. 2009). "A court may deny a
plaintiff's application for a temporary restraining order or
preliminary injunction without first providing a hearing on the
merits when the record is sufficient to demonstrate a lack of
right to relief." <u>Nat'l Propane Gas Ass'n v. U.S. Dep't of
Homeland Sec.</u>, 534 F. Supp. 2d 16, 18 (D.D.C. 2008) (quoting
<u>Smith v. Harvey</u>, Civil Action No. 06-1117 (RWR), 2006 WL 2025026,
at *2 (D.D.C. July 17, 2006)); LCvR 65.1(d).

An "irreparable harm" is an imminent injury that is both
great and likely, and for which legal remedies are inadequate.
<u>Wisconsin Gas Co. v. FERC</u>, 758 F.2d 669, 674 (D.C. Cir. 1985).
The injuries of which the plaintiff complains in his motion --
the defendant's unlawful possession of his property, and unlawful
appropriation of income from that property -- are not irreparable
because they can be largely remedied with money damages if he
ultimately succeeds on the merits. <u>See</u> <u>Int'l Ass'n of Machinists
and Aerospace Workers v. Nat'l Mediation Bd.</u>, 374 F. Supp. 2d
135, 142 (D.D.C. 2005) (holding that "a loss of income does not
constitute irreparable injury because the financial loss can be
remedied with money damages").

Additionally, a "federal district court may issue emergency
injunctive relief only if it has personal jurisdiction over the
parties and subject matter jurisdiction over the lawsuit."
<u>Franklin v. Scribner</u>, No. 07-0438, 2007 WL 1491100, at *3 (S.D.

Cal. May 21, 2007); see also SEC v. Lines Overseas Mgmt., Ltd.,
Civil Action No. 04-302 (RWR/AK), 2005 WL 3579139, at *2 (D.D.C.
Jan. 4, 2006) (holding that likelihood of success on the merits
requires "a showing of a reasonable probability that personal
jurisdiction can ultimately be established").  The plaintiff
pleads no facts in his complaint that provide a basis for
asserting personal jurisdiction over the defendants[1] in the
District of Columbia.  None of the defendants appears to reside
in the District of Columbia, nor has the plaintiff alleged in his
complaint that the defendants have contacts with the District of
Columbia.  All of the harms of which the plaintiff complains in
his motion appear to have taken place in Wisconsin.  He merely
asserts that venue (which he mischaracterizes as jurisdiction) in
this district is proper because he was denied access to the
courts in the Seventh Circuit.  (Compl. at 3.)  Such an assertion
is not sufficient to establish personal jurisdiction in this
district.  See Gomez v. Aragon, Civil Action No. 09-2010 (RWR),
2010 WL 1499470, at *2 (D.D.C. Apr. 15, 2010) (holding that an
assertion in the plaintiffs' complaint that venue is proper "'in

---

[1] Although the plaintiff lists in the caption of his
complaint the United States as a defendant, he describes in the
body of the complaint the United States as an "interested party"
and not a defendant.  (See Compl. at 22.)  Additionally, while
the plaintiff alleges that the United States is wrongfully
holding hundreds of thousands of dollars in Washington, D.C. that
rightfully belong to the plaintiff (id. at 3), that property is
not at issue in the plaintiff's motion for a temporary
restraining order.

the District of Columbia in the interest of justice because no other court of law is available to the Plaintiffs'" is not sufficient to establish personal jurisdiction over the defendants). Accordingly, the plaintiff has not shown sufficiently that he is likely to succeed on the merits.

Finally, although the plaintiff asserts in his motion that it "is in the interests of justice and society that this court restrains these wrongs" and that "no one will be harmed by entry of the restraining order" (Pl.'s Mot. for a TRO ¶¶ 15-16), he provides no explanation or other support to show that the balance of the equities tips in favor of preliminary injunctive relief or that an injunction is in the public interest. See Gomez, 2010 WL 1499470, at *1 n.1 (denying motion for a temporary restraining order "because the plaintiffs do not address, yet alone make a sufficient showing on, any of" the factors balanced to determine if preliminary injunctive relief is warranted).

The plaintiff has not made a sufficient showing on any of the factors necessary to demonstrate that preliminary injunctive relief is warranted. Accordingly, it is hereby

ORDERED that the plaintiff's motion [2] for a temporary restraining order be, and hereby is, DENIED.

SIGNED this 3rd day of August, 2010.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge