```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                               )
JAMES D. LAMMERS KURTZ,        )
                               )
            Plaintiff,         )
                               )
       v.                      )    Civil Action No. 10-1270 (RWR)
                               )
UNITED STATES OF AMERICA       )
et al.,                        )
                               )
            Defendants.        )
_____)
```

### MEMORANDUM ORDER

Pro se plaintiff James D. Lammers Kurtz filed a complaint naming at least twenty-seven defendants concerning property located in Wisconsin and harms occurring in Wisconsin and in courts in the Seventh Circuit. Most of the defendants have moved to dismiss.[1] Because the plaintiff has made no showing that this court has personal jurisdiction over any of the moving defendants, their motions to dismiss will be granted.[2]

---

[1] The plaintiff has filed a motion to reconsider an order granting as conceded the motions to dismiss filed by defendants Janet C. Lammers, Lammers Little Lambs, LLC, and Arthur R. Lammers. Plaintiff's motion will be granted, and Janet C. Lammers, Lammers Little Lambs, LLC, and Arthur R. Lammers' motions to dismiss will be addressed on the merits.

[2] Defendant Gust Lammers also requests sanctions against the plaintiff under Federal Rule of Civil Procedure 11(c). Although such sanctions may be imposed against pro se plaintiffs, see Hamrick v. Gottlieb, 416 F. Supp. 2d 1, 4 n.3 (D.D.C. 2005), "the district court is accorded wide discretion" in determining whether sanctions are appropriate. Westmoreland v. CBS, Inc., 770 F.2d 1168, 1174 (D.C. Cir. 1985). Although the movants'

"It is plaintiff's burden to make a *prima facie* showing that the Court has personal jurisdiction over the defendants." <u>Ballard v. Holinka</u>, 601 F. Supp. 2d 110, 117 (D.D.C. 2009); <u>see also</u> <u>First Chicago Int'l v. United Exch. Co., Ltd.</u>, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988). A plaintiff must plead specific facts providing a basis for personal jurisdiction. <u>Moore v. Motz</u>, 437 F. Supp. 2d 88, 91 (D.D.C. 2006). "Pro se plaintiffs are not freed from the requirement to plead an adequate jurisdictional basis for their claims." <u>Gomez v. Aragon</u>, 705 F. Supp. 2d 21, 23 (D.D.C. 2010).

Under Federal Rules of Civil Procedure and 4(k)(1) and 81(d)(2), personal jurisdiction "must be determined by reference to District of Columbia law." <u>United States v. Ferrara</u>, 54 F.3d 825, 828 (D.C. Cir. 1995). District of Columbia law provides that "[a] District of Columbia court may exercise personal jurisdiction over a person domiciled in, . . . or maintaining his . . . principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422. If the plaintiff does not plead that a District of Columbia court has personal jurisdiction over a defendant based on his domicile or place of business, a court engages in a two-part inquiry to determine if it has personal jurisdiction over the defendants. First, a court

---

motions have merit, I will exercise my discretion against imposing sanctions against the pro se plaintiff at this stage.

must determine whether there is a basis for personal jurisdiction under the District of Columbia's long-arm statute. See GTE New Media Servs., Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000). The long-arm statute allows a court in the District of Columbia to exercise personal jurisdiction over a non-resident defendant with regard to a claim arising from the defendant's conduct in:

> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> (5) having an interest in, using, or possessing real property in the District of Columbia[.]

D.C. Code § 13-423(a).[3] Second, a court must determine whether the exercise of personal jurisdiction would comport with the requirements of due process. See GTE New Media Servs., Inc., 199 F.3d at 1347. This portion of the analysis turns on whether a defendant's "minimum contacts" with the District of Columbia establish that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal

---

[3] The alternative bases set forth under the long-arm statute are inapplicable.

quotation marks omitted). These minimum contacts must arise from "'some act by which the defendant purposefully avails [himself] of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws.'" Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty., 480 U.S. 102, 109 (1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). In other words, "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

The plaintiff pleads no facts in his complaint that provide a basis for asserting personal jurisdiction over the moving defendants in the District of Columbia. None of the defendants appears to be domiciled in the District of Columbia, nor does the complaint allege that the District of Columbia is the principal place of business of any of the defendants. Moreover, the plaintiff has not pled an adequate basis to assert specific personal jurisdiction over the named defendants under the District of Columbia long-arm statute. The complaint does not allege that any of the defendants have contacts with the District of Columbia.[4] There are also no allegations in the complaint

---

[4] While the plaintiff alleges that the United States is wrongfully holding hundreds of thousands of dollars in Washington, D.C. that rightfully belong to the plaintiff (Compl. at 3), that allegation as to the United States provides no basis for asserting personal jurisdiction over any of the moving

that the harms of which the plaintiff complains arose from the defendants' conduct in transacting business or contracting to supply services in the District of Columbia, nor are there allegations of a tortious injury in the District of Columbia. Rather, all of the harms of which the plaintiff complains appear to have taken place either in Wisconsin or in courts in the Seventh Circuit, and the real property at issue is located in Wisconsin. The plaintiff's assertion that venue -- mischaracterized as jurisdiction -- in this district is proper because he was denied access to the courts in the Seventh Circuit (Compl. at 3, 21) is not sufficient to establish personal jurisdiction in this district. See Gomez, 705 F. Supp. 2d at 24 (holding that an assertion in the plaintiffs' complaint that venue is proper "'in the District of Columbia in the interest of justice because no other court of law is available to the Plaintiffs'" is not sufficient to establish personal jurisdiction over the defendants).

Likewise, none of the arguments the plaintiff makes in his oppositions to the motions to dismiss provides a basis for asserting personal jurisdiction over the moving defendants. The plaintiff's argument that by filing motions to dismiss, the moving defendants have created sufficient contacts with this district to establish personal jurisdiction (Pl.'s Opp'n to Gust

---

defendants.

Lammers Mot. to Dismiss the Compl. ¶ 4(C)) is foreclosed by Federal Rule of Civil Procedure 12. See <u>Chase v. Pan-Pac. Broad., Inc.</u>, 750 F.2d 131, 133 (D.C. Cir. 1984) ("It was a central purpose of Rule 12(b) to do away with the necessity for a 'special appearance' by a defendant who sought to present a personal jurisdiction challenge."). Even if the plaintiff's unsubstantiated assertion that the Department of Justice is engaged in a conspiracy in Washington, D.C. to conceal facts about him (Pl.'s Opp'n to Sheboygan & Wisconsin Defs.' Mot. to Dismiss at 2 ¶ 5) could provide a basis for haling the United States into court in this district, it provides no basis for asserting personal jurisdiction over any of the moving defendants. The plaintiff presents no authority that his confusing and unsubstantiated claim that the defendants issued court orders that caused "obstruction of process in the US Supreme Court" (<u>id.</u> at 5 ¶ 6(B); Pl.'s Opp'n to Fed. Judicial Defs.' Mot. to Dismiss ¶ 9) is a sufficient contact with the District of Columbia to provide a basis for asserting personal jurisdiction over any of the moving defendants. Finally, the plaintiff's allegation that the defendants' actions are causing him a financial injury in the District of Columbia by preventing him from selling a toilet he designed (Pl.'s Opp'n to Sheboygan & Wisconsin Defs.' Mot. to Dismiss ¶ 6(C); Pl.'s Opp'n to Fed. Judicial Defs.' Mot. to Dismiss ¶ 10) does not satisfy the long-

arm statute because the plaintiff has not alleged that the defendants caused this injury by an act or omission in the District of Columbia or that the defendants regularly do or solicit business, engage in any persistent course of conduct, or derive substantial revenue from the District of Columbia. See D.C. Code § 13-423(a)(3), (4).

Thus, under even a liberal construction of his pro se complaint, see Howerton v. Ogletree, 466 F. Supp. 2d 182, 183 (D.D.C. 2006), the plaintiff has not alleged an adequate basis for asserting personal jurisdiction over the moving defendants, and the defendants' motions to dismiss will be granted. Accordingly, it is hereby

ORDERED that the plaintiff's motion [37] for reconsideration be, and hereby is, GRANTED. The order granting the motions to dismiss of Janet C. Lammers, Lammers Little Lambs, LLC, and Arthur R. Lammers is vacated. It is further

ORDERED that the defendants' motions [4, 5, 7, 9, 11, 38] to dismiss be, and hereby are, GRANTED. The complaint is dismissed as to all moving defendants.

SIGNED this 26th day of April, 2011.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge