UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
JAMES D. LAMMERS KURTZ,        )
                               )
          Plaintiff,           )
                               )
          v.                   )    Civil Action No. 10-1270 (RWR)
                               )
UNITED STATES OF AMERICA       )
et al.,                        )
                               )
          Defendants.          )
_____)
```

MEMORANDUM OPINION

Pro se plaintiff James D. Lammers Kurtz has named the United States as a defendant in a complaint concerning property located in Wisconsin and harms occurring in Wisconsin. The complaint alleges misconduct by four federal judges, and that the United States unlawfully holds property belonging to the plaintiff. The United States has moved to dismiss, and the plaintiff has moved for leave to amend his complaint. Because the United States has not waived its sovereign immunity with respect to the plaintiff's claims that are based upon his allegations against the federal judicial defendants, and there is no private right of action for the plaintiff's claim regarding his property, the United States' motion to dismiss will be granted.[1] The motion for leave to

_____
[1] The plaintiff has also filed a motion to deem the allegations against the United States as conceded, a motion "for orders to Stop the USA from further closing the doors to the US courthouses[,]" and a motion for orders that requests appointment

amend will be denied as futile, and the remaining unnamed
defendants will be dismissed because they have not been timely
served.

BACKGROUND

The plaintiff alleges that three judges of the United States
Court of Appeals for the Seventh Circuit and a judge of the
United States District Court for the Eastern District of
Wisconsin "wont [sic] allow a legit[imate] record [to be] made"
regarding his claims against other defendants who have been
dismissed from the case.[2] (Compl. at 23.) Additionally, the
plaintiff alleges that property of his is "held by the USA by
violation of 18USC1001, 1341, 1503 etc[.]" (Id. at 3.) The
United States has moved to dismiss and incorporates in its motion
its opposition to the plaintiff's motion to deem the allegations

---

of counsel and other relief with respect to the United States.
Because the plaintiff shows no entitlement to appointed counsel,
the motion for orders will be denied with respect to appointing
counsel. Because the United States will be dismissed as a
defendant, the motion for orders will be denied as moot with
respect to all requested relief from the United States. The
other two motions seeking relief from the United States also will
be denied as moot.

[2] Between August and December of 2010, all defendants except
for the United States and the unnamed defendants moved to dismiss
the complaint as to them, and those defendants' motions to
dismiss were granted for lack of personal jurisdiction. See
Kurtz v. United States, Civil Action No. 10-1270 (RWR), 2011 WL
1549216 (D.D.C. Apr. 26, 2011). The plaintiff's motion to
reconsider dismissing the defendants was denied. See Kurtz v.
United States, Civil Action No. 10-1270 (RWR), 2011 WL 2457923
(D.D.C. June 20, 2011).

against the United States as conceded.[3]  (Mot. to Dismiss the
U.S. at 1.)  That opposition argues in part that the United
States has not waived its sovereign immunity with respect to the
plaintiff's claims, and that the complaint is subject to
dismissal under Federal Rule of Civil Procedure 12(b)(6) for
failure to state a claim.  (Mem. in Opp'n to Pl.'s Mot. to Deem
the Allegations Against the U.S.A. Conceded at 3.)

<u>DISCUSSION</u>

I.    SUBJECT-MATTER JURISDICTION

      "[T]he plaintiff bears the burden of establishing that the
court has subject-matter jurisdiction."  <u>Larsen v. U.S. Navy</u>, 486
F. Supp. 2d 11, 18 (D.D.C. 2007); <u>see also</u> <u>Moms Against Mercury</u>
<u>v. FDA</u>, 483 F.3d 824, 828 (D.C. Cir. 2007).  A court "'must
accept as true the allegations in the complaint and consider the
factual allegations of the complaint in the light most favorable
to the non-moving party.'"  <u>Short v. Chertoff</u>, 526 F. Supp. 2d
37, 41 (D.D.C. 2007) (quoting <u>Erby v. United States</u>, 424 F. Supp.
2d 180, 182 (D.D.C. 2006)).  Although a court is to construe
liberally a pro se complaint, <u>Howerton v. Ogletree</u>, 466 F. Supp.
2d 182, 183 (D.D.C. 2006), "[p]ro se plaintiffs are not freed
from the requirement to plead an adequate jurisdictional basis

---

      [3] The United States also argues in both its motion to
dismiss and opposition to the plaintiff's motion to deem
allegations as conceded that the plaintiff's service of process
upon the United States was insufficient.  This argument need not
be addressed.

for their claims." <u>Gomez v. Aragon</u>, 705 F. Supp. 2d 21, 23
(D.D.C. 2010).

    A.   <u>Sovereign Immunity</u>

    Because the United States' consent to be sued in a
particular court defines the scope of that court's jurisdiction,
"[a]bsent a waiver, sovereign immunity shields the Federal
Government . . . from suit." <u>FDIC v. Meyer</u>, 510 U.S. 471, 475
(1994); <u>see also</u> <u>United States v. Mitchell</u>, 463 U.S. 206, 212
(1983) ("It is axiomatic that the United States may not be sued
without its consent and that the existence of consent is a
prerequisite for jurisdiction."). A waiver of sovereign immunity
"must be unequivocally expressed in statutory text, and will not
be implied." <u>Lane v. Pena</u>, 518 U.S. 187, 192 (1996) (internal
citation omitted). "[C]onditions upon which the Government
consents to be sued must be strictly observed[,]" <u>Lehman v.
Nakshian</u>, 453 U.S. 156, 161 (1981) (quotation marks and citation
omitted), and any waiver is construed strictly in the sovereign's
favor. <u>Lane</u>, 518 U.S. at 192.[4]

    The plaintiff's complaint names the United States as a
defendant "in light of" the plaintiff's allegations against the
federal judicial defendants, and the plaintiff seeks damages and

---

    [4] <u>But see</u> <u>Richlin Sec. Serv. Co. v. Chertoff</u>, 553 U.S. 571,
589 (2008) (noting that the "sovereign immunity canon is just
that -- a canon of construction" and that it does not "displace[]
the other traditional tools of statutory construction").

injunctive and declaratory relief.  (Compl. at 22, 25.)  The
Administrative Procedure Act ("APA") provides that "[t]he United
States may be named as a defendant" in an action "seeking relief
other than money damages and stating a claim that an agency or an
officer or employee thereof acted or failed to act in an official
capacity or under color of legal authority[.]"[5]  5 U.S.C. § 702.
This provision waives the government's immunity from suit.
Trudeau v. FTC, 456 F.3d 178, 186 (D.C. Cir. 2006).  Although the
plaintiff does not bring his claims under the APA, there "is
nothing in the language of . . . § 702 that restricts its waiver
to suits brought under the APA."  Id.  However, the APA's waiver
of sovereign immunity applies only to suits for specific relief
against an agency or officer acting or failing to act in an
official capacity.

Because the APA explicitly excludes the courts of the United
States from its definition of an agency, 5 U.S.C. § 701(b)(1)(B),
it does not waive the United States' sovereign immunity with
respect to the plaintiff's claims against the United States based
upon the allegations regarding the dismissed federal judicial

---

[5] The plaintiff's claims for damages are barred because the
government has not waived its sovereign immunity for
constitutional tort claims for damages.  See Hamrick v. Brusseau,
80 Fed. Appx. 116, 116 (D.C. Cir. 2003) (noting that "the United
States has not waived sovereign immunity with respect to actions
for damages based on violations of constitutional rights by
federal officials when brought against the United States
directly, or against officers sued in their official capacities"
(internal citations omitted)).

defendants.  In <u>Wall v. U.S. Dep't of Justice</u>, No. 3:09CV1066
(DJS), 2010 WL 4923736, at *1, 6 (D. Conn. Nov. 29, 2010), a
plaintiff brought suit seeking equitable relief from, among other
defendants, a federal district and a federal circuit judge.  The
court concluded that "§ 702 does not constitute a waiver of
sovereign immunity as to claims against federal judges[,]" and
that the court lacked "subject matter jurisdiction over [a] . . .
Complaint seeking equitable relief against . . . federal
judges[.]"  <u>Id.</u> at *8.  Just an in <u>Wall</u>, § 702 does not waive
sovereign immunity here as to the plaintiff's claims for specific
relief from the federal judicial defendants.

An alternative analysis yields the same result.
"[S]overeign immunity does not bar suits for specific relief
against government officials where the challenged actions of the
officials are alleged to be unconstitutional[.]"  <u>Clark v.</u>
<u>Library of Cong.</u>, 750 F.2d 89, 102 (D.C. Cir. 1984); <u>see also</u>
<u>Larson v. Domestic & Foreign Commerce Corp.</u>, 337 U.S. 682, 690
(1949) (reasoning that where a "statute or order conferring power
upon the officer to take action in the sovereign's name is
claimed to be unconstitutional[,]" "the conduct against which
specific relief is sought is beyond the officer's powers and is,
therefore, not the conduct of the sovereign").  The D.C. Circuit
has suggested -- albeit in the context of monetary damages and
not injunctive relief -- that this exception "does not apply when

the suit is brought directly against the United States rather than against a government official." <u>Clark</u>, 750 F.2d at 103 n.31; <u>see also</u> <u>Larson</u>, 337 U.S. at 693 (noting that if an officer is "exercising the powers delegated to him by the sovereign[,] . . . the action is the sovereign's and a suit to enjoin it may not be brought unless the sovereign has consented"). Not applying this officer exception to the sovereign immunity bar where a suit for specific relief is brought directly against the United States is consistent with the legal fiction underlying the exception -- that the unconstitutional conduct of an officer is not the conduct of the sovereign and is not endorsed by the sovereign. This fiction dissolves where a plaintiff sues the sovereign directly. Because the plaintiff's claims against the federal judicial defendants have been dismissed, there are no remaining government officials in the suit whose actions could be declared unconstitutional or who could be enjoined. This posture -- in which the United States is the only remaining named defendant -- precludes the officer exception to the sovereign immunity bar from applying.[6]

---

[6] In any event, there is no authority upon which to grant the plaintiff the injunctive relief that he appears to seek from the United States. The plaintiff seems to request an order requiring the federal judicial defendants to allow him to make a record with respect to his previous suits in the Eastern District of Wisconsin and the Seventh Circuit. However, a district court "lacks subject matter jurisdiction to review the actions of another . . . federal [district] court [or court of appeals]." <u>Gallo-Rodriguez v. Supreme Court of the U.S.</u>, Civil Action No.

B.     Private right of action

The plaintiff's complaint also alleges that the United
States holds property of his in violation of various sections of
Title 18 of the United States Code, including the provisions
criminalizing making false statements, 18 U.S.C. § 1001, mail
fraud, 18 U.S.C. § 1341, and influencing or injuring an officer
or juror, 18 U.S.C. § 1503.  (Compl. at 3, 22.)  However, none of
these criminal statutes creates private rights of action upon
which a litigant may bring a civil suit.  See Banks v. Kramer,
No. 09-5140, 2009 WL 5526780, at *1 (D.C. Cir. Dec. 30, 2009) (18
U.S.C. §§ 1001, 1503); RJP Prod. Co. v. Nestle USA, Inc., Civil
Action No. 10-584 (ESH), 2010 WL 1506914, at *2 n.1 (D.D.C.
Apr. 15, 2010) (18 U.S.C. § 1341).  Because the lack of a private
right of action precludes the existence of subject-matter
jurisdiction, see Sanders v. U.S. Dep't of Justice, Civil Action
No. 09-721 (JDB), 2009 WL 1076704, at *1 (D.D.C. Apr. 21, 2009)
(dismissing claim for lack of subject matter jurisdiction where
statute under which plaintiff brought the claim did not confer a
private right of action), claims suffering from this
jurisdictional defect may be dismissed sua sponte.  See Hurt v.
U.S. Court of Appeals for D.C. Circuit Banc, 264 Fed. Appx. 1, 1
(D.C. Cir. 2008) (noting that Federal Rule of Civil Procedure

---

08-1890 (RWR), 2009 WL 3878073, at *1 (D.D.C. Nov. 19, 2009).

12(h)(3) authorizes a court to analyze on its own the issue of
subject-matter jurisdiction).  Thus, the plaintiff's claim that
the United States is unlawfully holding his property will be
dismissed.  <u>See</u> <u>Ivey v. Nat'l Treasury Employees Union</u>, Civil
Action No. 05-1147 (EGS), 2007 WL 915229, at *5 (D.D.C. Mar. 27,
2007).

II.  MOTION FOR LEAVE TO AMEND

The plaintiff seeks to amend his complaint to add as
defendants the United States Attorney General and Peggy
Lautenschlager, the former Attorney General of Wisconsin.  (Mot.
to Am. the Compl. at 1.)  Additionally, although he has not filed
a motion seeking relief to this effect, the plaintiff also
appears to be asking in another filing to add as defendants the
court clerks in the Seventh Circuit and the Eastern District of
Wisconsin who received his filings.  (Pl.'s Suppl. Resp.
Regarding Discovery, Dkt. # 73.)

Local Civil Rules 7(i) and 15.1 require motions to amend
pleadings to "be accompanied by an original of the proposed
pleading as amended."  The plaintiff failed to comply with this
requirement.  His motion is not only defective procedurally, but
it also falls short on its merits.  A plaintiff may amend his
complaint more than twenty-one days after any defendant files a
Rule 12(b) motion "only with the opposing party's written consent
or the court's leave.  The court should freely give leave when

justice so requires." Fed. R. Civ. P. 15(a). The plaintiff has
moved for leave to amend his complaint nearly ten months after
one of the defendants filed a motion to dismiss,[6] and the United
States opposes the motion for leave to amend. In this situation,
the decision to grant or deny leave to amend is committed to the
sound discretion of the district court. Foman v. Davis, 371 U.S.
178, 182 (1962); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099
(D.C. Cir. 1996). While a litigant ordinarily ought to be
afforded the opportunity to proceed on the merits of his claim,
Mead v. City First Bank of DC, N.A., 256 F.R.D. 6, 7 (D.D.C.
2009), "a district court has discretion to deny a motion to amend
on grounds of futility where the proposed pleading would not
survive a motion to dismiss[.]" Nat'l Wrestling Coaches Ass'n v.
Dep't of Educ., 366 F.3d 930, 945 (D.C. Cir. 2004).

An amended complaint which includes the allegations and
additional defendants to which the plaintiff's motion refers
would not survive a motion to dismiss. The plaintiff has not
alleged that Lautenschlager or any of the clerks in the Seventh
Circuit or Eastern District of Wisconsin have sufficient contacts
with the District of Columbia -- nor are such contacts apparent
in the complaint or in his motion -- to provide a basis for
asserting personal jurisdiction over them in this district. See
Kurtz v. United States, Civil Action No. 10-1270 (RWR), 2011 WL

_____

[6] See supra n.2.

1549216, at *2 (D.D.C. Apr. 26, 2011) (dismissing Wisconsin state defendants and Seventh Circuit and Eastern District of Wisconsin defendants for lack of personal jurisdiction). Amending the complaint to add Lautenschlager or the clerks therefore would be futile. See Poole v. Roll, Civil Action No. 07-2039 (RJL), 2008 WL 768728, at *1 n.2 (D.D.C. Mar. 20, 2008) (denying as futile motion to amend in part because the plaintiffs' allegations failed to show that there would be personal jurisdiction over the defendants the plaintiffs proposed to add to the complaint). Additionally, the plaintiff's allegations regarding the United States Attorney General -- that the Attorney General is engaged in a conspiracy to steal the plaintiff's property -- are not sufficiently plausible to survive a motion to dismiss for failure to state a claim. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007))). Amending the complaint to add the Attorney General as a defendant therefore also would be futile. Thus, the plaintiff's motion for leave to amend will be denied.

III. UNNAMED DEFENDANTS

Rule 4(m) provides that if a plaintiff does not serve a defendant within 120 days of filing the complaint, the court

"must dismiss the action without prejudice against that defendant or order service to be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The plaintiff names as defendants in his complaint "John Doe wrong doers" and "John Doe Insurance [Companies]" (Compl. at 2), but he has not filed proof of service upon any of these unnamed defendants. On April 11, 2011, the plaintiff was ordered to show cause why the complaint should not be dismissed as to these defendants for want of prosecution. In the plaintiff's response, he requested discovery to identify the unnamed defendants. (Pl.'s Answer to Order to Show Cause, Dkt. # 45.) The plaintiff was ordered to supplement his response, identifying what discovery he wanted to take and from whom, and why he thought such discovery would disclose the identities of the unnamed defendants. Although the plaintiff identifies in his supplemental memorandum significant discovery that he would like to take, much of the discovery he seeks is from defendants who have already been dismissed from the case. The plaintiff is not entitled to this discovery. See Guy v. Briones, C.A. No. C-07-473, 2008 WL 3538684, at *4 (S.D. Tex. Aug. 8, 2008) (granting a defendant's motion for a protective order where the plaintiff attempted to compel the defendant to answer questions on behalf of dismissed defendants); Fred Lurie Assocs., Inc. v. Global

Alliance Logistics, Inc., No. 05-22881CIV, 2006 WL 3626296, at *2

n.4 (S.D. Fla. Aug. 15, 2006) (noting that plaintiff's motion to

conduct additional discovery relating to dismissed defendants was

moot because the court had not granted the plaintiff's motion to

reconsider the order granting those defendants' motions to

dismiss).  The plaintiff also does not explain how any discovery

that he may be entitled to take would help him to identify the

unnamed defendants in his complaint.  Because the plaintiff has

not demonstrated that discovery would allow him to identify the

unnamed defendants, he has not shown good cause for failing to

serve these defendants in the appropriate time allowed under Rule

4(m).

Nor are the allegations in the complaint themselves specific

enough to make it likely that discovery could disclose the

identities of the unnamed defendants and enable the plaintiff to

proceed against them.  See Landwehr v. FDIC, Civil Action No. 09-

716 (RMU), 2010 WL 2572077, at *3 (D.D.C. June 28, 2010) (citing

Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th

Cir. 1995)).  If a plaintiff's failure to serve unnamed

defendants results instead "from the absence of any specific

allegations of wrongdoing by any such individuals[,]" "the proper

course is not for the [plaintiff] to maintain [his] placeholder

claims against these unknown individuals, but rather, to obtain

discovery from the identified defendants, and, if necessary, seek

leave to amend [his] complaint to join additional defendants."
Id. at *3-4.  On this basis, the court in Landwehr dismissed the
plaintiff's claims against various unnamed defendants, noting
"the complete absence of any specific allegations against [the]
unnamed defendants."  Id. at *3.

Here, the complaint's allegations as to the "John Doe wrong
doers" are only that "other John Does" aided in "fabricating the
grounds to claim authority on paper" to demand that he turn over
his house to his mother (Compl. ¶ 42), and that "John Doe Sheriff
Deputies carr[ied] out wrongs[.]"[7]  (Compl. at 17.)  The
complaint's sole allegation as to the John Doe Insurance
Companies is that they "counsel[ed] felony unconstitutional
wrongs and thefts of real and personal property with state and
[county attorneys.]"  (Compl at 21.)  Just as in Landwehr, the
plaintiff's complaint here lacks sufficiently specific
allegations of wrongdoing as to the unnamed defendants to allow
him to proceed against them.  The unnamed defendants therefore
will be dismissed.

## CONCLUSION

Because the United States has not waived its sovereign
immunity with respect to the plaintiff's claims regarding the

---

[7] As was true with most of the named defendants, the
plaintiff has failed to carry his burden to demonstrate a factual
basis for asserting personal jurisdiction over these unnamed
defendants.

- 15 -

federal judicial defendants, and the plaintiff lacks a private

right of action to assert claims against the United States for

violating criminal statutes, the United States' motion to dismiss

will be granted.  Since allowing the plaintiff to amend his

complaint would be futile, his motion for leave to amend will be

denied.  Finally, because the plaintiff has not shown good cause

for failing to serve the unnamed defendants, the complaint will

be dismissed as to all unnamed defendants.  A final Order

accompanies this Memorandum Opinion.

SIGNED this 26th day of July, 2011.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge